UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWERNCE GEORGE HASH,<br><br>Plaintiff,<br><br>v.<br><br>T. RALLOS, et al.,<br><br>Defendants. | No. 2:17-cv-1721 TLN AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 11. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

1   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
3   relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
4   Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
5   content that allows the court to draw the reasonable inference that the defendant is liable for the
6   misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this
7   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
8   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
9   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
10  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

11  III.    Overview of Complaint

12  The complaint is 90 pages long, names 36 individual defendants, and sets forth fifteen
13  claims for relief based on events at Solano State Prison. The following summary description of
14  plaintiff's claims is based on the allegations of the complaint.

15  The first and second claims are stated against defendants Rallos, Pfile, Allen and Zamora,
16  and involve plaintiff's health care. Plaintiff had stomach and esophagus surgery at an outside
17  hospital on July 10, 2012. After returning to Solano State Prison, plaintiff experienced post-
18  surgical vomiting and bleeding. Despite his obviously deteriorating condition and a medical
19  recommendation for a surgical reversal, the named defendants denied plaintiff's health care
20  appeal(s) seeking the necessary care. Plaintiff eventually had the reversal surgery on February 2,
21  2017, after suffering greatly due to the delay. Claim One (ECF No. 1 at 8-13) asserts deliberate
22  indifference to plaintiff's serious medical needs in violation of the Eighth Amendment, and Claim
23  Two (id. at 14-19) asserts a conspiracy among the named defendants to deprive plaintiff of
24  necessary medical care.

25  Claims Three through Five involve the decision to place plaintiff in administrative
26  segregation upon his return from the hospital on or about July 12, 2012, and are stated against
27  defendants Faggianelli, Schwimmer, Silva, Austin, Brida, Shirley and Thomas. Plaintiff alleges
28  that an Interdisciplinary Treatment Team meeting on July 12, 2012 resulted in a decision to put

plaintiff in administrative segregation on the pretextual and false basis that he had threatened Faggianelli (a mental health provider), in retaliation for plaintiff's use of the inmate appeals process.  Claim Three (ECF No. 1 at 20-27) asserts violation of plaintiff's due process rights, Claim Four (id. at 28-34) alleges retaliation in violation of plaintiff's First Amendment rights, and Claim Five (id. at 35-40) alleges a conspiracy to retaliate.

Claims Six through Ten involve plaintiff's alleged mistreatment in relation to his physical placement in administrative segregation on July 12, 2012.  Claims Six through Eight are stated against defendants Salorzano, Farinas, Brida, Johnson and Mohamed.  Plaintiff alleges that when he was removed from his cell to be placed in administrative segregation (1) he was deprived of personal property to which he was entitled, (2) he was held temporarily without access to a toilet despite his urgent needs, and (3) medical care was not provided when he began vomiting and choking up blood.  Plaintiff alleges that throughout these events, statements were made to him directly expressing hostility based on his filing of grievances.  Based on these facts, Claim Six (ECF No. 1 at 41-47) alleges retaliation in violation of plaintiff's First Amendment rights, Claim Seven (id. at 48-53) alleges violation of plaintiff's Eighth Amendment Rights, and Claim Eight (id. at 54-56) alleges a conspiracy to violate his rights.  Claims Nine and Ten are stated against Salorzano, Farinas, Brida and Mohamed (but not Johnson), and arise specifically from the alleged destruction of paperwork that plaintiff had in his cell related to pending litigation.  Claim Nine (ECF No. 1 at 57-62) alleges violation of plaintiff's right of access to the courts, and Claim Ten (id. at 63-67) alleges a conspiracy to violate that right.

Claims Eleven through Thirteen involve the allegedly unsanitary conditions of the administrative segregation cell in which plaintiff was placed on July 12, 2012.  These claims are stated against defendants Just, Boyd, Farinas, Lemons, Cruzen, Cook, Fanning, Hutcheson, Padilla, Kelly, Lavergne, Perera and Sandi.  Claim Eleven (ECF No. 1 at 68-73) alleges that the conditions of confinement in ad seg violated plaintiff's Eighth Amendment rights.  Claim Twelve (id. at 74-75) alleges that plaintiff was subjected to these offensive conditions in retaliation for exercise of his First Amendment rights.  Claim Thirteen (id. at 76-78) alleges a conspiracy to violate plaintiff's Eighth and First Amendment rights.

Claim Fourteen (ECF No. 79-86) is stated against defendants McClain, Arnold, Jackura, Obegi, Scotland, Darrach, Medina and Major.  It alleges that a July 19, 2012 meeting of the Institutional Classification Committee ("ICC"), which resulted in plaintiff's continued placement in ad seg, violated due process.  Claim Fifteen (id. at 87-89) alleges that the same defendants conspired to violate plaintiff's Eighth Amendment rights by retaining him in ad seg.

IV.     Sufficiency of the Claims

    A.      Claims One and Two: Medical Care

For purposes of screening, plaintiff has sufficiently alleged that defendants Rallos, Pfile, Allen and Zamora were each made aware of the seriousness of plaintiff's post-surgical complications and his urgent need for reversal surgery, and nonetheless denied his appeals seeking care.  The allegations, liberally construed, support an inference of deliberate indifference.  See Jett v. Penner, 439 F.3d 1091, 1097-98 (9th Cir. 2006) (prison administrators may be "liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help").  Accordingly, these defendants will be required to respond to Claim One.

Claim Two asserts that the defendants conspired with each other to deny adequate medical care.  The fact that the individual defendants were aware of, and in some cases ratified, each other's medical conclusions does not support a finding that they were operating pursuant to an agreement to violate plaintiff's rights.  Plaintiff's allegations do not plausibly support the existence of a conspiracy.  See Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (to allege a conspiracy under Section 1983, plaintiff must provide facts that demonstrate an agreement or a meeting of the minds amongst the defendants to violate his constitutional rights).  Accordingly, Claim Two is subject to dismissal pursuant to 28 U.S.C. § 1915A(b).

    B.      Claims Three through Five: Decision to Place Plaintiff in Ad Seg

Claim Three (procedural due process) is based on the theory that plaintiff was constitutionally entitled to advance written notice of the Interdisciplinary Treatment Team hearing, an opportunity to call witnesses and present documentary evidence, and a written statement of the decision.  ECF No. 1 at 20-21.  These are the due process requirements that apply to a hearing regarding disciplinary sanctions that will affect the duration of an inmate's

1 incarceration.  See Wolff v. McDonnell, 418 U.S. 539 (1974).  Different procedural protections
2 apply to placement in administrative segregation, as outlined in Hewitt v. Helms. 459 U.S. 460,
3 472 (1983), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).  Under
4 Hewitt, due process requires only that the prisoner be given an "an informal, nonadversary review
5 of the information supporting [his] administrative confinement, including whatever statement [he]
6 wishe[s] to submit, within a reasonable time after confining him to administrative segregation."
7 Id.  The allegations of the complaint make it clear that plaintiff received these protections.  The
8 allegation that plaintiff was falsely and pretextually accused of threatening Faggianelli does not
9 support a due process claim; the applicable due process standard is the low bar of "some
10 evidence," and judicial review does not extend to the truth of that evidence.  See Superintendent
11 v. Hill, 472 U.S. 445, 454 (1985).  Finally, to the extent that plaintiff alleges the factfinders were
12 biased in that their real motivation was retaliatory, Claim Three is duplicative of Claim Four.  For
13 these reasons, Claim Three fails to state a claim on which relief may be granted, and cannot be
14 cured by amendment.

15 Claim Four alleges facts sufficient to state a claim for retaliation against Faggianelli,
16 Schwimmer, Silva, Austin, Brida, Shirley and Thomas.  "Within the prison context, a viable
17 claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state
18 actor took some adverse action against an inmate (2) because of (3) that prisoner's protected
19 conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and
20 (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson,
21 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted).  Plaintiff has alleged facts to
22 support each of these elements, including express statements made by each defendant that
23 demonstrate retaliatory animus and reflect the deliberate fabrication of an excuse to put plaintiff
24 in ad seg.  See ECF No. 1 at 29-33.  Accordingly, the defendants will be required to respond to
25 Claim Four.

26 Claim Five restates the retaliation claim as a conspiracy, and is duplicative because Claim
27 Four includes all allegations necessary to the liability of each individual defendant.  It will
28 therefore be recommended that Claim Five be dismissed.

C. Claims Six Through Ten: Plaintiff's Move to Ad Seg

Claim Six alleges facts sufficient to support a First Amendment retaliation claim against defendants Salorzano, Farinas, and Brida based on their handling of plaintiff's property in relation to his move to ad seg on July 12, 2012; against Johnson, Salorzano, Farinas, Brida and Mohamed based on their denial of access to a toilet; and against all five defendants based on their failure to summon medical assistance when plaintiff was vomiting in a holding cell. See Rhodes, 408 F.3d at 567-68. Plaintiff alleges that specific statements were made by the defendants during the events at issue, reflecting a retaliatory motive for their actions. Defendants will be required to respond.

Claim Seven asserts that plaintiff's Eighth Amendment rights were violated by the denial of toilet access and failure to summon medical assistance when plaintiff was vomiting during the period that he was in a holding cell. In order to state a § 1983 claim for violation of the Eighth Amendment, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Although a refusal to permit toilet access to an inmate with diarrhea reflects an odious indifference to the inmate's dignity, it does not constitute deliberate indifference to a serious medical need. See Jett, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain).[1] The allegations regarding plaintiff's vomiting and "choking up blood" also fail to demonstrate the existence of a serious medical need that would have been apparent as such to the officers. The conclusory allegation of a "medical emergency [that] could have resulted in Hash's death," ECF No. 1 at 50, is not sufficient. Plaintiff has not presented facts demonstrating that his episode of vomiting in the holding cell indicated an actual medical emergency. He states that he was seen by a nurse within 45 minutes. There are no facts indicating that the delay

////

---

[1] To the extent that unsanitary conditions can violate the Eighth Amendment absent a specific medical need, the exposure must be prolonged. See Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir.), opinion amended on denial of reh'g, 75 F.3d 448 (9th Cir. 1995). Plaintiff was not in the holding cell for a prolonged period.

1  created a serious medical risk.  Accordingly, this claim is subject to dismissal under 28 U.S.C. §
2  1915A(b).

3  Claim Eight alleges that the actions described in Claims Six and Seven were part of a
4  conspiracy.  Although the complaint identifies actions taken by multiple defendants each of
5  whom acted with a retaliatory motive, that is insufficient to demonstrate a meeting of the minds
6  and common plan.  See Margolis, 140 F.3d at 853.  Accordingly, this claim is also not suitable for
7  service.

8  Claim Nine alleges that Salorzano, Farinas, Brida and Mohamed deprived plaintiff of
9  access to the courts by destroying legal paperwork that he needed to oppose summary judgment
10 in a pending Section 1983 lawsuit.  For screening purposes only, the court finds that plaintiff has
11 sufficiently alleged active interference with his right to litigate, causing a cognizable injury.  Such
12 allegations state a First Amendment claim for denial of access to the courts.  See Silva v. Di
13 Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011); Lewis v. Casey, 518 U.S. 343, 354 (1996).

14 Claim Ten asserts that the same conduct was the result of a conspiracy.  Although plaintiff
15 has alleged that the individual named defendants all acted with retaliatory motives, those
16 allegations do not support an inference that there was an advance meeting of the minds and a
17 common plan.  Because plaintiff has alleged participation in overt acts by each defendant, a
18 conspiracy claim adds nothing to the case in any event.  This claim is not suitable to proceed, and
19 dismissal will be recommended.

20       D.    Claims Eleven through Thirteen: Conditions in Ad Seg

21 Claim Eleven alleges that plaintiff's ad seg cell was so unsanitary as to violate the Eighth
22 Amendment.  Specifically, the cell contained a toilet overflowing with human waste, and a faucet
23 with constantly running hot water that caused high humidity and exacerbated the stench.
24 Plaintiff, who suffered from diarrhea, had to defecate into milk cartons and lunch bags.  The only
25 attempt by staff to clear the toilet resulted in an overflow that contaminated the floor and soaked
26 plaintiff's bedding.  Plaintiff lived in these unsanitary conditions for four weeks.  These
27 allegations state a cognizable claim under the Eighth Amendment.  See Anderson v. County of
28 Kern, 45 F.3d 1310, 1314 (9th Cir.), opinion amended on denial of reh'g, 75 F.3d 448 (9th Cir.

1995).[2] Plaintiff has sufficiently alleged that defendants Just, Boyd, Lemons, Cruzen, Perera, and Sandi were personally aware of the unsanitary conditions and failed to remediate them. See ECF No. 1 at 68-72. These defendants will be required to answer. Plaintiff's allegations against Farinas, Cook, Fanning, Hutcheson, Padilla, Kelly, and Lavergne are conclusory, however, and the claim should not proceed against them.[3]

Claim Twelve asserts that plaintiff was subjected to the unsanitary conditions in retaliation for his exercise of First Amendment rights. His specific allegations against defendants Perera and Sandi in Claim Eleven, ECF No. 1 at 71-72, are sufficient to plead retaliatory motive.[4] As to the other defendants, plaintiff infers retaliatory motive from the timing of their actions and the general hostility he experienced from prison staff and officials; his retaliation allegations are conclusory. Id. at 74-75. This is insufficient to state a claim. Defendants Perera and Sandi will be required to respond to the claim; the other named defendants should be terminated rather than served.

Claim Thirteen alleges a conspiracy to violate plaintiff's First and Eighth Amendment rights. Neither the sequential failure of multiple defendants to fix the unsanitary conditions, nor the expressions of retaliatory animus by Perera and Sandi, supports the existence of a conspiracy

---

[2] "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Id.

[3] Plaintiff alleges no specific interactions with these defendants. Following the specific allegations against Just, Boyd, Lemons, Cruzen, Perera, and Sandi, the complaint states that "Hash's unsanitary living conditions were so unbearable he eventually began seeking assistance from various 2nd and 3rd watch tier officers, which included [the specified defendants]." ECF No. 1 at 72. He also alleges in conclusory fashion that all defendants named in this claim, on unspecified dates and in unspecified ways, "observed and confirmed Hash's inhuman and unsanitary living conditions, but refused to take any reasonable measures to abate" them. Id. Liability under Section 1983 requires personal participation in the deprivation of rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff has not alleged the personal participation of Farinas, Cook, Fanning, Hutcheson, Padilla, Kelly, and Lavergne, and the claims against them do not "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

[4] Plaintiff alleges that Sandi referred to plaintiff's inmate requests as "snivel sheets," threatened to have plaintiff thrown out of her facility if he continued to file requests, and instructed Perera in plaintiff's presence to disregard future requests from plaintiff. Plaintiff alleges that Perera then told him "to stop complaining and stop making any more Form-22 request[s] or there will be a problem!" Id. The unsanitary conditions then continued unabated.

among the thirteen identified defendants. Plaintiff alleges in general terms that all defendants made repeated statements that "they'd been told 'Hash has nothing coming' as a result of his CDCR-Form-22 and his threats to file a CDCR-602 appeal and a lawsuit." ECF No. 1 at 78. Being told about the retaliatory animus of others does not implicate a defendant as a co-conspirator, however. Because the allegations do not support the essential elements of a conspiracy, this claim should be dismissed.

E.   Claims Fourteen and Fifteen: Decision to Retain Plaintiff in Ad Seg

In Claim Fourteen, plaintiff contends that the Institutional Classification Committee ("ICC") made a decision to keep him in ad seg without providing him notice of the hearing, staff assistance, an investigative employee, and the ability to present witnesses and documentary evidence. As with Claim Three, plaintiff seeks the benefit of procedural protections that are constitutionally required only when a disciplinary proceeding may result in the loss of good time credits and thus affect the length of custody. See, Wolff, 418 U.S. 539. Because the decision at issue involved plaintiff's retention in ad seg rather than the forfeiture of good time credits, due process required only the procedures identified in Hewitt, 459 U.S. at 472. The complaint states no facts indicating that the ICC failed to comply with Hewitt. To the extent that Claim Fourteen focuses on the fact of ad seg placement and attendant restrictions (such as limitations on visitors, educational programming, vocational training, etc., ECF No. 1 at 81), a due process claim fails as a matter of law because such restrictions do not implicate any protected interest. See Sandin, 515 U.S. 472.

Accordingly, Claim Fourteen fails to state a claim and must be dismissed under 28 U.S.C. § 1915A(b). The parallel conspiracy claim, Claim 15, fails for the same reasons and must also be dismissed. Because these are the only claims stated against defendants McClain, Arnold, Jackura, Obegi, Scotland, Darrach, Medina and Major, the undersigned will recommend that they be terminated as defendants.

V.   Joinder

Joinder of defendants is only permitted if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction,

occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). When parties are misjoined, "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (citations omitted).

Of the claims that the undersigned has found suitable to proceed, all but Claim One involve plaintiff's placement and retention in administrative segregation in July 2012. The claims involving ad seg are sufficiently related to proceed together. Claim One, however, involves plaintiff's post-surgical medical care. Both the subject matter of this claim and the named defendants are distinct from those involved in the other claims. Accordingly, Claim One is improperly joined.

Rather than recommending the dismissal without prejudice of Claim One as mis-joined, in order to preserve the original filing date of the complaint in light of the court's delay in screening, the undersigned will recommend that Claim One be severed.[5] If the district judge adopts this recommendation, plaintiff's surviving claims against all other defendants will proceed in this action, while the medical care claim(s) against defendants Rallos, Pfile, Allen and Zamora will proceed in a separate civil action to be opened by the Clerk of the Court and deemed filed as of August 11, 2017.[6] The Clerk of the Court will be directed to assign the new action to the same district judge and magistrate judge assigned to the instant action.

---

[5] Claim Two, a conspiracy alleged against the same defendants based on the same facts, should be dismissed at the outset without leave to amend. Plaintiff has alleged that each of the defendants named in Claim One made an individual decision to deny medical treatment, and therefore is directly liable. Co-conspirator liability is thus unnecessary and adds nothing to the case.

[6] This is the date of initial docketing of the instant complaint. Plaintiff shall maintain the benefit of the prison mailbox rule in the newly opened action, to the same extent that he may do so in this case.

VI.     Leave to Amend is Not Warranted

The undersigned has found on screening that the each of the events described in the complaint supports at least one cognizable claim against various defendants.  For the reasons now explained, leave to amend the additional putative claims and/or allegations against additional defendants is not appropriate.  The action should proceed on the claims identified herein as viable, against the specified defendants.

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  Leave to amend need not be granted where amendment would be futile.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).  If, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-1106 (9th Cir. 1995).

Here, the undersigned concludes after careful consideration that the claims identified above as subject to dismissal should be dismissed without leave to amend.  Claims Three and Fourteen (due process violations related respectively to the decisions to initially place, and then retain, plaintiff in ad seg) fail as a matter of law.  The circumstances plaintiff complains of do not violate the Due Process Clause under Hewitt and Sandin, supra.  Accordingly, these claims cannot be cured by amendment.  Moreover, plaintiff is being permitted to proceed on his substantive claims that his placement and retention in ad seg were retaliatory.  This is the gravamen of his complaint.

Similarly, Claim Seven (Eighth Amendment violation based on denying toilet access and failing to summon medical attention while plaintiff was temporarily in a holding cell prior to placement in ad seg) is based on facts that are set forth comprehensively yet fail to demonstrate a constitutional violation.  The problem is not that plaintiff has failed to provide information related to elements of his claim, but that the matters of which he complains do not violate the Eighth Amendment.  Accordingly, amendment of this claim would be futile.  Plaintiff is being permitted to proceed on his claim that the same underlying conduct was retaliatory in violation of his First Amendment rights.

1    The multiple conspiracy claims merely restate the substantive constitutional claims they
2    accompany. The undersigned has identified the failures of each of these claims to state facts
3    supporting essential elements of a conspiracy. Even if plaintiff theoretically might add facts
4    addressing the gaps, these claims add nothing to the potential liability of any defendant or to the
5    relief available to plaintiff. As explained above on a claim by claim basis, each defendant against
6    whom a substantive constitutional claim has been stated is alleged to have personally participated
7    in the deprivation of plaintiff's rights. There is no properly-named defendant whose potential
8    liability turns on the existence of, and participation in, a conspiracy. Accordingly, the conspiracy
9    claims (Claims Two, Five, Eight, Ten and Thirteen) are essentially duplicative and leave to
10   amend is therefore unwarranted.

11   As to Claim Eleven, which attacks the unsanitary condition of plaintiff's ad seg cell, the
12   undersigned has found that plaintiff may proceed against the six defendants who are alleged with
13   specificity to have ignored plaintiff's pleas for assistance and thus personally subjected him to the
14   inhumane conditions. Amendment to expand the already copious allegations in an attempt to
15   state the claim against another seven defendants would prolong the proceedings without
16   providing any greater basis for relief. Accordingly, Claim Eleven should be construed to state a
17   claim against Just, Boyd, Lemons, Cruzen, Perera, and Sandi only; Farinas, Cook, Fanning,
18   Hutcheson, Padilla, Kelly, and Lavergne should be terminated without service. Similarly, Claim
19   Twelve has been found to state a retaliation claim against Perera and Sandi; amendment of the
20   allegations as to the other eleven defendants against whom the claim is asserted would waste time
21   and resources without expanding the relief available to plaintiff.

22   The court notes that plaintiff has set forth all of his claims with a level of factual detail,
23   clarity, and precision that is unusual for pro se prisoner complaints. It is apparent that plaintiff
24   has presented all pertinent facts known to him. The court has identified as to each cognizable
25   claim which defendants are the primary alleged wrongdoers, and plaintiff is being permitted to
26   proceed against them. The case should move forward on the complaint as narrowed on screening,
27   without further delay.
28   ////

VII.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against certain defendants and some do not. The magistrate judge is recommending that your case proceed on the following claims:

- Claim One (inadequate medical care), which will be assigned a new case number and proceed separately because your post-surgical medical care does not belong in the same lawsuit as claims related to ad seg;
- Claim Four (retaliatory placement in ad seg by the IDTT);
- Claim Six (retaliatory conduct by the officers who were involved in moving you to ad seg);
- Claim Nine (denial of access to the courts);
- Claim Eleven (unconstitutionally unsanitary ad seg conditions) against Just, Boyd, Lemons, Cruzen, Perera, and Sandi only; and
- Claim Twelve (retaliation in relation to unsanitary cell) against Sandi and Perera only.

It is recommended that your other claims be dismissed. Service of the complaint will be deferred until the district judge has ruled on this recommendation.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 11) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

////

////

It is FURTHER RECOMMENDED that:

1. Claim One, against defendants Rallos, Pfile, Allen and Zamora, be severed from this case and the Clerk of Court be directed to:

    a. Open a separate civil action against defendants Rallos, Pfile, Allen and Zamora, deemed filed as of August 11, 2017 (subject to adjustment pursuant to the prison mailbox rule);

    b. Assign the new action to the district judge and magistrate judge to whom the instant case is assigned, and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. File and docket in the newly-opened action a copy of these Findings and Recommendations and any order ruling on the recommendation;

    d. Place a copy of the complaint filed August 11, 2017 and the motion to proceed in forma pauperis filed October 12, 2017 in the newly-opened action;

    e. Send plaintiff an endorsed copy of his complaint bearing the case number assigned in the newly opened action;

2. The instant case proceed on the following claims against the following defendants:

    a. Claim Four (retaliation) against Faggianelli, Schwimmer, Silva, Austin, Brida, Shirley and Thomas;

    b. Claim Six (retaliation) against Johnson, Salorzano, Farinas, Brida and Mohamed;

    c. Claim Nine (denial of access to the courts) against Salorzano, Farinas, Brida and Mohamed;

    d. Claim Eleven (unsanitary cell conditions in violation of Eighth Amendment) against Just, Boyd, Lemons, Cruzen, Perera, and Sandi only; and

    e. Claim Twelve (retaliation in relation to unsanitary cell) against Sandi and Perera only.

3. The following claims be dismissed pursuant to 28 U.S.C. § 1915A(b), without leave to amend: Claims Two (conspiracy), Three (due process), Five (conspiracy), Seven (Eighth

15

Amendment), Eight (conspiracy), Ten (conspiracy), Thirteen (conspiracy), Fourteen (due process) and Fifteen (conspiracy);

  4. The following defendants be terminated from this action: Rallos, Pfile, Allen and Zamora (named in severed count only); Farinas, Cook, Fanning, Hutcheson, Padilla, Kelly, Lavergne, McClain, Arnold, Jackura, Obegi, Scotland, Darrach, Medina and Major.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 15, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE