1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LAWRENCE GEORGE HASH,                    No.  2:17-cv-01721-TLN-AC

12                 Plaintiff,

13        v.                                  **ORDER**

14   T. RALLOS, et al.,

15                 Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

18   under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to

19   28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20        On April 16, 2020, the magistrate judge filed findings and recommendations herein which

21   were served on Plaintiff and which contained notice to Plaintiff that any objections to the findings

22   and recommendations were to be filed within twenty-one days.  (ECF No. 18.)  Plaintiff has filed

23   objections to the findings and recommendations.  (ECF No. 21.)

24        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

25   Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the

26   Court finds the findings and recommendations to be supported by the record and by proper

27   analysis.

28   /////

1

1    Plaintiff's objections are thorough and two in particular warrant discussion.  First,

2  Plaintiff objects to the magistrate judge's recommendation that Claim Seven be dismissed.  Claim

3  Seven asserts Plaintiff's Eighth Amendment rights were violated by the denial of toilet access and

4  failure to summon medical assistance when Plaintiff was vomiting during the period that he was

5  in a holding cell.  Plaintiff cites to *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981), noting that

6  whether a prison condition or action by prison officials constitutes cruel and unusual punishment

7  is measured by "evolving standards of decency" and "today's broad and idealistic concepts of

8  dignity, civilized standards, humanity, and decency."  Plaintiff seems to indicate his Eighth

9  Amendment claim for the denial of toilet access is a condition of confinement claim and not a

10  claim premised on a deliberate indifference to his medical needs.  To the extent that was

11  Plaintiff's intent, his claim nevertheless fails and should be dismissed because although a "lack of

12  sanitation that is severe or prolonged can constitute" an Eighth Amendment violation, Plaintiff

13  here has failed to allege such a prolonged or "objectively serious deprivation."  *See Gabarrete v.*

14  *Hazel*, No. 1:11-cv-00324-MJS PC, 2012 WL 1119788, at *6 (E.D. Cal. Apr. 3, 2012).  Indeed,

15  the magistrate judge's findings and recommendations acknowledge the same.  (*See* ECF No. 18 at

16  7 n. 1.)

17    Second, Plaintiff objects to the dismissal of Claim 12 as asserted against all Defendants

18  but Perera and Sandi.  Specifically, the findings and recommendations conclude that Plaintiff

19  made sufficiently specific allegations against Perera and Sandi but relied solely on timing and

20  general hostility with respect to the other Defendants.  The magistrate judge therefore found

21  Plaintiff's allegations with respect to those Defendants to be conclusory.  Plaintiff, however, cites

22  to *Pratt v. Rowland*, noting that allegations of a chronology of events from which retaliation can

23  be inferred is sufficient to survive dismissal.  65 F.3d 802, 808 ("timing can properly be

24  considered as circumstantial evidence of retaliatory intent").  While it is true that timing may be

25  considered as circumstantial evidence of retaliatory intent, Plaintiff does not allege a series of

26  events from which timing could be considered — rather, he alleges general hostile treatment and

27  unsanitary conditions, but does not link that treatment (by timing or otherwise) to retaliatory

28  actions by the Defendants.  The Court therefore agrees with the magistrate judge's determination

1    that Plaintiff's retaliation allegations against Defendant officers other than Sandi and Perera are

2    conclusory, and Plaintiff's objections do not persuade the Court otherwise.

3          Accordingly, IT IS HEREBY ORDERED that:

4          1.   The findings and recommendations filed April 16, 2020 (ECF No. 18), are ADOPTED

5    IN FULL;

6          2.   Claim One, against Defendants Rallos, Pfile, Allen, and Zamora, is severed from this

7    case and the Clerk of Court is directed to:

8               a.   Open a separate civil action against Defendants Rallos, Pfile, Allen, and Zamora,

9                    deemed filed as of August 11, 2017 (subject to adjustment pursuant to the prison

10                   mailbox rule);

11              b.   Assign the new action to the district judge and magistrate judge to whom the

12                   instant case is assigned, and make appropriate adjustment in the assignment of

13                   civil cases to compensate for such assignment;

14              c.   File and docket in the newly-opened action a copy of the April 16, 2020 Findings

15                   and Recommendations and this Order;

16              d.   Place a copy of the complaint filed August 11, 2017 (ECF No. 1), and the motion

17                   to proceed in forma pauperis filed October 12, 2017 (ECF No. 11), in the newly-

18                   opened action;

19              e.   Send Plaintiff an endorsed copy of his complaint bearing the case number assigned

20                   in the newly opened action;

21         3.   The instant case proceeds on the following claims against the following Defendants:

22              a.   Claim Four (retaliation) against Faggianelli, Schwimmer, Silva, Austin, Brida,

23                   Shirley, and Thomas;

24              b.   Claim Six (retaliation) against Johnson, Salorzano, Farinas, Brida, and Mohamed;

25              c.   Claim Nine (denial of access to the courts) against Salorzano, Farinas, Brida, and

26                   Mohamed;

27              d.   Claim Eleven (unsanitary cell conditions in violation of Eighth Amendment)

28                   against Just, Boyd, Lemons, Cruzen, Perera, and Sandi only; and

1          e.   Claim Twelve (retaliation in relation to unsanitary cell) against Sandi and Perera

2               only;

3          4.   The following claims are DISMISSED pursuant to 28 U.S.C. § 1915A(b), without

4    leave to amend: Claims Two (conspiracy), Three (due process), Five (conspiracy), Seven (Eighth

5    Amendment), Eight (conspiracy), Ten (conspiracy), Thirteen (conspiracy), Fourteen (due

6    process), and Fifteen (conspiracy);

7          5.   The following Defendants are terminated from this action: Rallos, Pfile, Allen, and

8    Zamora (named in severed count only); Farinas, Cook, Fanning, Hutcheson, Padilla, Kelly,

9    Lavergne, McClain, Arnold, Jackura, Obegi, Scotland, Darrach, Medina, and Major.

10         IT IS SO ORDERED.

     DATED:  June 24, 2020

                                                  _____
                                                  Troy L. Nunley
                                                  United States District Judge

4