UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH,<br><br>   Plaintiff,<br><br>   v.<br><br>T. RALLOS, et al.<br><br>   Defendants. | No.  2:17-cv-1721 TLN AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 2, 2020, the court ordered service of the complaint on defendants through the Court's E-Service pilot program.  ECF No. 23.  Under the program, service on behalf of defendant Farinas was not waived because he had passed away.  ECF No. 30.  Plaintiff therefore must make a decision.  Plaintiff may, if he so chooses, file a notice voluntarily dismissing the claims against defendant Farinas only.  If he does so, the case will continue to proceed on the claims against the remaining defendants.  If plaintiff wants to continue to pursue his claims against Farinas, he will have to identify the representative of Farinas' estate and file a motion to substitute the estate for defendant Farinas.  A motion to substitute the proper party for defendant Farinas under Federal Rule of Civil Procedure 25 must be filed within ninety days and must provide information that will allow the United States Marshal to serve the proposed substitute

1  party (i.e. name and address of representative).  If the motion does not contain information
2  necessary to carry out service on the proposed substitute party, it will be denied.  Plaintiff shall
3  promptly seek such information through discovery, the California Public Records Act, Calif.
4  Gov't. Code § 6250, et seq., or other means available to plaintiff.  If access to the required
5  information is denied or unreasonably delayed, plaintiff may seek judicial intervention.  In the
6  event plaintiff fails to file a proper motion to substitute within ninety days, it will be
7  recommended that defendant Farinas be dismissed from this action.

8      Additionally, service on behalf of defendants Faggianelli, Schwimmer, and Johnson could
9  not be waived because these defendants were unable to be identified based on the information
10  provided.  ECF No. 30.  Plaintiff must provide additional information to serve these defendants
11  and shall promptly seek such information through discovery, the California Public Records Act,
12  Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff.  If access to the required
13  information is denied or unreasonably delayed, plaintiff may seek judicial intervention.

14      All other defendants, except defendant Silva,[1] have notified the court that they intend to
15  waive service, ECF No. 29, and the court is currently waiting to receive their waivers.

16      Accordingly, IT IS HEREBY ORDERED that:

17      1.  Within ninety days of the service of this order, plaintiff must file either (1) a notice
18  that he is voluntarily dismissing defendant Farinas or (2) a motion to substitute a proper party for
19  defendant Farinas that includes information necessary to serve the proposed substitute party.
20  Failure to file such a motion will result in a recommendation that defendant Farinas be dismissed.

21      2.  The Clerk of the Court is directed to send to plaintiff three USM-285 forms, along
22  with an instruction sheet.  Within sixty days from the service of this order, plaintiff must
23  complete and submit completed USM-285 forms for defendants Faggianelli, Schwimmer, and
24  Johnson that include additional information for identifying these defendants or show good cause
25  why he cannot provide such information.  Failure to provide additional information or show good

---

[1] Although the California Department of Corrections and Rehabilitation notified the court that it could not accept service on defendant Silva's behalf, defendant Silva was identified and additional information for completing service was provided.  ECF No. 30.

cause why such information cannot be provided will result in a recommendation that these defendants be dismissed.

DATED: January 7, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE