UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH,<br><br>Plaintiff,<br><br>v.<br><br>T. RALLOS, et al.,<br><br>Defendants. | No. 2:17-cv-1721 TLN AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion for assistance in discovering the identities of the representative of defendant Farinas' estate and defendants Faggianelli, Schwimmer, and Johnson. ECF No. 43 at 1-2. He also requests leave to begin conducting discovery. Id. at 2.

By order filed January 7, 2021, plaintiff was advised that if he wished to proceed on his claims against defendants Farinas, Faggianelli, Schwimmer, and Johnson, he would have to identify and move to substitute Farinas' estate and provide additional information to allow for the service of defendants Faggianelli, Schwimmer, and Johnson. ECF No. 31. He was further advised that if access to the required information was denied or unreasonably delayed, he could seek judicial intervention. Id. at 2. Plaintiff states that he has exhausted all efforts to obtain the necessary information and is now requesting the court's assistance. ECF No. 43 at 1-2.

Attached to plaintiff's motion are letters showing that plaintiff sent an inquiry to the

1

prison litigation coordinator, who directed him to CalPERS for further information regarding the person or representative to whom the State pays death benefits, and to California Correctional Health Care Services (CCHCS) for information regarding defendants Faggianelli and Schwimmer. Id. at 4-5. Plaintiff was further advised that no response could be provided regarding defendant Johnson because there was not enough information to identify him. Id. at 5. Additional letters show that plaintiff wrote to both CalPERS and CCHCS and was ultimately told by CalPERS that the information he was requesting was not subject to disclosure. Id. at 10-11. It is unclear what, if any, response plaintiff has received from CCHCS, as no response was attached and the motion states only that he has exhausted his efforts.

With respect to defendant Johnson, the litigation coordinator advised plaintiff that there was insufficient information to identify Johnson, potentially because it is a common name, and plaintiff has not shown that he has provided any additional information that would assist in identifying the Johnson he has named in this suit. Furthermore, the court cannot order the California Department of Corrections and Rehabilitation to provide information on an individual they are unable to identify.

As to defendants Faggianelli and Schwimmer, it is unclear whether plaintiff received a response from CCHCS or attempted to follow-up if his initial request went unanswered. Plaintiff has therefore failed to demonstrate that the information he requested has been denied or unreasonably delayed.

As for identifying the estate of defendant Farinas, it is clear that plaintiff's request for information has been denied. However, it is not clear that the recipient of defendant Farinas' death benefits is also the representative of his estate. Furthermore, defendants recently filed a motion to revoke plaintiff's in forma pauperis status in which they allege that plaintiff is the beneficiary of a substantial trust that he has previously accessed to pay legal costs. ECF No. 44. It is therefore unclear that plaintiff is without other means of identifying the representative of Farinas' estate, such as hiring a private investigator.

For these reasons, plaintiff's motion for judicial intervention will be denied. Because defendants' motion to revoke plaintiff's in forma pauperis status also seeks terminating sanctions,

2

plaintiff's request to begin discovery will also be denied and defendants' request to stay their deadline to file a responsive pleading will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for judicial intervention and to open discovery, ECF No. 43, is DENIED.

2. Defendants' request to stay their responsive pleading deadline, ECF No. 44 at 10, is GRANTED. The deadline for defendants to respond to the complaint will be set, as necessary, upon resolution of the pending motion to revoke plaintiff's in forma pauperis status.

DATED: May 10, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE