UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH, | No. 2:17-cv-1721 TLN AC P |
| Plaintiff, | |
| v. | ORDER and |
| T. RALLOS, et al., | FINDINGS and RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court are defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 44), as well as plaintiff's motion for court intervention or discovery (ECF No. 50) and motion for a copy of the Local Rules (ECF No. 51).

I.     Motion to Revoke Plaintiff's In Forma Pauperis Status

Defendants argue that plaintiff has accrued at least three strikes, has not alleged that he was in imminent danger at the time the complaint was filed, and is therefore barred from proceeding with this case until he pays the filing fee in full. ECF No. 44 at 4-7. They also argue that plaintiff is not indigent, has intentionally concealed significant funds, and should be subject to terminating sanctions. Id. at 7-10.

In opposition, plaintiff argues that the cases identified by defendants do not constitute strikes and that the cases dismissed after the filing of this action cannot count as strikes with

respect to this action. ECF No. 46 at 7-14. He also argues that the motion should be denied because he has not misrepresented his financial status as he has no idea whether any funds remain in his trust, and even if they do, he does not have access to them. Id. at 16-25.

### A. The Prison Litigation Reform Act's Three Strikes Rule

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King (King), 398 F.3d 1113, 1121 (9th Cir. 2005).

Once a plaintiff has accrued three strikes, he is precluded from proceeding IFP unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes (Cervantes), 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").

////

////

////

2

B.   Plaintiff's Strikes

Defendants have identified the following five[1] cases which they argue resulted in dismissals that constitute strikes within the meaning of § 1915(g): (1) Hash v. Thornberry, 3:05-cv-2438 MMC (N.D. Cal.), dismissed October 18, 2005; (2) Hash v. Hinkle, 3:05-cv-2291 MMC (N.D. Cal.), dismissed October 14, 2005; (3) Hash v. Williams, 3:10-cv-1796 MMC (N.D. Cal.), dismissed June 15, 2010; (4) Hash v. Santoro, 4:19-cv-0783 YGR (N.D. Cal.), dismissed March 3, 2020; and (5) Hash v. Santoro, 4:19-cv-0784 YGR (N.D. Cal.), dismissed May 29, 2020. ECF No. 44 at 5-6; ECF No. 44-1. The accompanying request to take judicial notice of these cases will be granted, and the court will consider the cases identified by defendants.

As an initial matter, two of the cases that defendants argue counts as strikes—Hash v. Santoro, 4:19-cv-0783 YGR (N.D. Cal.), and Hash v. Santoro, 4:19-cv-0784 YGR (N.D. Cal.)—were not filed, let alone dismissed, until after plaintiff initiated the instant case.

> Section 1915(g) prohibits *in forma pauperis* claims brought by prisoners who have, while incarcerated, on "3 or more *prior* occasions" had claims dismissed due to their frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g) (emphasis added). This language makes clear its application to claims dismissed prior to the current proceedings.

Tierney v. Kupers, 128 F.3d 1310, 1311 (9th Cir. 1997); see also Silva v. Di Vittorio, 658 F.3d 1090, 1100 (9th Cir. 2011) (strike incurred after initiation of current proceedings did not take place on a "prior occasion" and therefore did not count as a strike for purposes of those proceedings), overruled on other grounds by Coleman v. Tollefson, 575 U.S. 532, 237 (2015) (holding that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal.") Accordingly, these dismissals cannot serve as strikes to bar plaintiff from proceeding in forma pauperis in this case.

One of the remaining three cases relied upon by defendants, Hash v. Williams, 3:10-cv-1796 MMC (N.D. Cal.), does not meet the criteria for being counted as a strike. In Hash v.

---

[1] In their reply, defendants acknowledged that there was only a partial dismissal in Hash v. Giacomazzi, 5:20-cv-1116 EJD (N.D. Cal.), and withdrew their contention that it constitutes a strike. ECF No. 47 at 3.

3

Williams, the district court dismissed the action because plaintiff failed to pay the filing fee or complete an application to proceed in forma pauperis, despite being notified of the deficiency. ECF No. 44-1 at 21-22. This dismissal does not fall within the statutorily defined grounds of "frivolous, malicious, or fails to state a claim upon which relief may be granted." Although defendants argue that "[t]he failure to cure a defect associated with an IFP application can constitute a strike," ECF No. 47 at 3, the case they rely upon for this proposition, Ortiz v. Cox, 759 F. Supp. 2d 1258 (D. Nev. 2011), is neither controlling nor persuasive.

In Ortiz, the court considered an action in which plaintiff had filed two appeals in the Ninth Circuit. Id. 759 F. Supp. 2d at 1262. The district court certified that the first appeal was not taken in good faith, and the plaintiff filed a second appeal of the same order. Id. Both appeals were dismissed for failure to perfect the appeals. Id. The court in Ortiz held that "Plaintiff's failure to perfect either appeal, combined with other circumstances, warrants the imposition of at least one strike in relation to these appeals." Id. Even assuming that the court in Ortiz properly found that the plaintiff had incurred a strike based on his appeals, there is no evidence of similar conduct or "other circumstances" here. This court cannot find, by any stretch of the imagination, that the mere failure to pay the filing fee or submit an application to proceed in forma pauperis falls within the definition of a strike.

Even assuming that the other two cases identified by defendants count as strikes, plaintiff is not disqualified from IFP status here. Because defendants have not identified at least three prior dismissals that counts as strikes, the motion to revoke plaintiff's in forma pauperis status should be denied.

C.      Plaintiff's Indigency

Defendants argue in the alternative that plaintiff is not indigent and has deliberately concealed the fact that he is the beneficiary of a trust. ECF No. 44 at 7-11. They assert that the California Third District Court of Appeal's decision in Hash v. Hash, No. C068869, 2012 WL 5449627, 2012 Cal. App. Unpub. LEXIS 8188 (Cal. App. Nov. 8, 2012), establishes that plaintiff is the beneficiary of a trust; he is able to obtain funds from the trust to pay the filing fees in this case; he has received funds from the trust to pay for various expenses, including paying for

4

packages and investigative costs related to his criminal case; that he has avoided having the trust proceeds placed in his prison account to prevent them from being used to satisfy his obligations; and that in 2009 the trust had a balance of $69,697.05 and was earning 0.90% interest. Id. at 8. They further argue that plaintiff has demonstrated bad faith because he has failed to disclose the existence of the trust, the amount of the trust, and that he has received funds from the trust in his application to proceed in forma pauperis in this action and others, including applications made at or near the time he was litigating Hash v. Hash, and that he has attempted to conceal the funds by keeping them out of his prison trust account. Id. at 10.

In opposition, plaintiff argues that he is indeed indigent and his representations that he has no funds were made in good faith. ECF No. 46 at 14-25. Plaintiff claims that his "alleged trust (and the funds in it) may or may not actually exist" and that even if it does exist, he does not have access to the funds because his brother, the trustee, has told him that he will not give plaintiff any money and plaintiff does not have any other way to access what money may remain in the trust. Id. at 16, 22-24. In his declaration, plaintiff avers that according to a friend, his brother said the trust's funds were nearly exhausted; he believes his brother may have appropriated the funds for his own use; it has been around ten years since the last time he received any funds from the trust; and the last time his brother responded to one of his letters was in 2016, and the "response said something to the effect of, "I'm tired of your 'shit', don't ask for anything ever again because you won't get anything or any money from me ever, so don't ask!" Id. at 19-20, 22-23.

Under 28 U.S.C. § 1915, federal courts may authorize the commencement and prosecution of a civil suit without prepayment of fees if the plaintiff demonstrates by affidavit that he is unable to pay the fees. 28 U.S.C. § 1915(a)(1). However, "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). "To dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." Escobedo v. Applebees, 787 F.3d 1226, 1234 n.8 (9th Cir. 2015).

The court finds that defendants have failed to establish that plaintiff's allegations of poverty were untrue *at the time this action was initiated*. Even assuming that the trust for which

5

1   plaintiff is a beneficiary had a balance of $69,697.05 and that plaintiff misrepresented his assets

2   in in forma pauperis applications filed at or around the time of the decision in Hash v. Hash, that

3   decision was rendered in November 2012, nearly five years before the instant action was initiated,

4   there is no evidence before the court as to what funds, if any, remained in the trust at the time the

5   complaint in this case was filed.  Furthermore, though the evidence indicates that plaintiff has

6   received funds and packages paid for by the trust in the past, those records are from 2010.  See

7   ECF No. 44-1 at 91, 93-94.  There is no evidence that plaintiff has received any benefit from the

8   trust since that time, which aligns with plaintiff's declaration that it has been approximately a

9   decade since he last received funds from the trust.  There is also no evidence to dispute plaintiff's

10  claim that his brother has not responded to his correspondence since 2016.  Because there is

11  insufficient evidence to demonstrate that plaintiff's allegations of poverty at the time this action

12  was initiated were untrue, the motion to revoke plaintiff's in forma pauperis status and dismiss

13  the case should be denied.[2]

   II.   Plaintiff's Request to Conduct Discovery or Receive Judicial Intervention

15      By order filed January 7, 2021, plaintiff was advised that if he wished to proceed on his

16  claims against defendants Farinas and Johnson, he would have to identify and move to substitute

---

[2] Although defendants cite to a number of cases wherein plaintiffs had their cases dismissed due to untrue allegations of poverty, those cases are distinguishable as they all involved evidence of the plaintiffs' assets *at or immediately preceding the time of filing*.  See Kennedy v. Huibregtse, 831 F.3d 441, 443-44 (7th Cir. 2016) (plaintiff concealed account containing approximately $1,400 at the time of his in forma pauperis application which he was accessing regularly in the weeks and months leading up to filing the application); David v. Wal-Mart Stores, Inc., 669 F. App'x 793, 793-94 (7th Cir. 2016) (plaintiff had access to and failed to disclose savings account with a balance of over $32,000 at the time of the application); Vann v. Comm'r of New York City Dep't of Corr., 496 F. App'x 113, 116 (2d Cir. 2012) (plaintiff intentionally omitted over $2,000 in deposits he received during twelve-month period preceding the filing of his application); Cuoco v. United States Bureau of Prisons, 328 F. Supp. 2d 463, 467-68 (S.D.N.Y. 2004) (plaintiff failed to disclose settlements totaling $13,500 entered into in the weeks before filing application and had money sent to her mother to further "illusion of poverty"); Thomas v. Gen. Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002) (plaintiff authorized distribution of $73,714 from retirement account, minus applicable taxes, nine day before filing application); Witkin v. Lee, No. 2:17-cv-0232 JAM EFB, 2020 WL 2512383, at *5, 2020 U.S. Dist. LEXIS 86104, at *13-14 (E.D. Cal. May 15, 2020) (plaintiff received $5,666.09 and settled a case for $1,200 in the month before filing application but averred no income from any source in twelve-month period preceding application); Witkin v. Sloan, No. 2:16-cv-2950 JAM EFB, 2019 WL 6918216, at *5, 2019 U.S. Dist. LEXIS 218427, at *13-14 (E.D. Cal. Dec. 19, 2019) (same).

Farinas' estate and provide additional information to allow for the service of defendant Johnson. ECF No. 31. He was further advised that if access to the required information was denied or unreasonably delayed, he could seek judicial intervention. Id. at 2.

On May 3, 2021 the court received plaintiff's first motion for judicial intervention, in which he requested the court's assistance in obtaining information necessary to serve Farinas' estate and Johnson. ECF No. 43. The motion was denied as to defendant Johnson because the response to plaintiff's inquiries was that there was insufficient information to identify Johnson and the court could not order the California Department of Corrections and Rehabilitation to provide information on an individual that it was unable to identify. ECF No. 45 at 2. The motion was denied as to the estate of defendant Farinas because while it was clear that plaintiff's request for information had been denied, it was not clear that the recipient of Farinas' death benefits, whose information plaintiff sought, was also the representative of his estate. Id. It was further denied because defendants had recently filed their motion to revoke plaintiff's in forma pauperis status, making it was unclear at that time whether plaintiff had other means of identifying the representative of Farinas' estate. Id.

Plaintiff has since filed another motion requesting that the court intervene and assist him in identifying defendant Johnson and the representative of defendant Farinas' estate or alternatively that he be permitted to conduct discovery to obtain this information. ECF No. 50. In support of the motion, plaintiff provides evidence that approximately three weeks prior to filing the motion he sent a request for staffing records that would assist him in identifying defendant Johnson and information regarding the individuals receiving "financial funding, either for wages earned or death benefits or retirement funds on behalf of A. Farinas." Id. at 17-19.

The court infers that plaintiff did not receive any response to his request for information prior to filing his motion for intervention; it is unclear what response, if any, he may have received after filing the motion. However, plaintiff's previous request for intervention included evidence that a similar request for information regarding individuals receiving benefits on behalf of defendant Farinas was denied, ECF No. 43 at 10, and the court assumes that any response to the more recent request was also denied as it related to Farinas.

Absent evidence that plaintiff's request for records to identify Johnson have been denied, there are no grounds to warrant judicial intervention at this stage. However, because it appears that plaintiff may be able to obtain the documentation he seeks regarding defendant Johnson through discovery, if he has not already received it, the limited opening of discovery is appropriate to prevent further delay in obtaining the necessary information.

With respect to defendant Farinas, plaintiff again fails to provide evidence that the information he seeks would identify the representative of Farinas' estate, and intervention does not appear appropriate. However, plaintiff will be permitted to seek this information with the limited opening of discovery. Through discovery, plaintiff may, if necessary, request that the court serve subpoenas on any third parties from whom he seeks documentation or information, provided that the scope of the subpoena is properly limited. The motion will therefore be denied as to the request for intervention, but granted as to the request for leave to conduct discovery. Plaintiff should act promptly in seeking the necessary information.

III.     Plaintiff's Motion for a Copy of the Local Rules

Plaintiff has requested that the court send him another copy of the Local Rules, as he returned the previous copy because he mistakenly believed it was defective. ECF No. 51. The request will be granted. However, plaintiff is cautioned that any further requests for copies of the Local Rules will not be granted unless they are accompanied by the appropriate copy fees.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request for judicial notice (ECF No. 44-1) is GRANTED.

2. Plaintiff's motion for court intervention or leave to conduct discovery, ECF No. 50, 27, is DENIED as to the request for intervention and GRANTED as to the request to conduct discovery.

3. Discovery is opened for the limited purpose of allowing plaintiff to identify defendants Johnson and the representative of defendant Farinas' estate. Within twenty-one days of the service of this order, plaintiff may serve requests for discovery on defendants or make a request to the court for the service of subpoenas. Discovery is limited to obtaining information

necessary for the service of these defendants. If necessary, plaintiff may file a motion to compel within sixty days of the service of this order.

4. Within ninety days of the service of this order, plaintiff must file a motion to substitute a proper party for defendant Farinas. The motion must be accompanied by a completed USM-285 form for the proposed substitute party. Failure to file such a motion or show good cause why such a motion cannot be filed will result in a recommendation that defendant Farinas be dismissed.

5. Within ninety days of the service of this order, plaintiff must submit a completed USM-285 form for defendant Johnson or show good cause why he cannot provide such information. Failure to comply will result in a recommendation that defendant Johnson be dismissed.

6. The Clerk of the Court is directed to send to plaintiff two USM-285 forms, along with an instruction sheet.

7. Plaintiff's motion for a copy of the Local Rules (ECF No. 51) is GRANTED and the Clerk of the Court shall serve on plaintiff a copy of the Local Rules of Court.

IT IS FURTHER RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status and dismiss the action, ECF No. 44, be DENIED.

2. Defendants be required to file a response to the complaint within twenty-one days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 17, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE