UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH, | No. 2:17-cv-1721 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| T. RALLOS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On July 2, 2020, the court ordered service of the complaint on defendants through the Court's E-Service pilot program. ECF No. 23. Service on behalf of defendant Farinas could not be waived under the program because he had passed away. ECF No. 30. Plaintiff was advised that he could either voluntarily dismiss the claims against Farinas or move to substitute a proper party for Farinas under Federal Rule of Civil Procedure 25 within ninety days. ECF No. 31. Plaintiff was subsequently granted leave to conduct discovery to identify the representative of Farinas' estate, ECF No. 55, and has now filed a motion to compel documents from defendant Brida or alternatively to have the court serve third-party subpoenas. ECF No. 59.

In reviewing the docket, it has come to the court's attention that while the CDCR's Notice of E-Service waiver identified defendant Farinas as deceased, a formal notice of suggestion of death has not been entered on the record nor been served on parties and nonparties as required by Federal Rule of Civil Procedure 25(a). See Gilmore v. Lockard, 936 F.3d 857, 865 (9th Cir.

1

2019) (Fed. R. Civ. P. 25(a) requires both a formal suggestion of death on the record and service of the notice (quoting Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994))).  Accordingly, the ninety-day deadline for substituting a proper party for defendant Farinas has yet to trigger.  Id. at 866 (ninety-day deadline did not trigger where attorney general's notice of death was not served on any nonparties and did not identify any nonparties).

Furthermore, the Ninth Circuit has held that the party responsible for identifying the decedent's successor is the party who is in the best position to do so.  Id. at 866-67.  In this case, given plaintiff's inability to identify Farinas' successor despite being granted leave to conduct limited discovery, and his pro se, incarcerated status, the court finds that defendants are in the better position to identify Farinas' successor or personal representative and they will be required to do so.  See id. at 867 (defense counsel had burden of identifying successor because she represented the other prison official defendants and had existing relationship with the CDCR making her "significantly better positioned" to identifying successor than plaintiff who was a pro se prisoner).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel production of documents or issue a third-party subpoena (ECF No. 59) is DENIED as moot.

2. Within thirty days of the filing of this order, defendants shall file and serve a formal notice of suggestion of death as required by Federal Rule of Civil Procedure 25(a).

3. The notice of suggestion of death must identify defendant Farinas' personal representative or successor in interest.

4. Plaintiff must move to substitute defendant Farinas' personal representative or successor in interest within ninety days of the filing and proper service of the notice of suggestion of death as required by Federal Rule of Civil Procedure 25(a)(1).  Failure to do so will result in a recommendation that the claims against defendant Farinas be dismissed.

DATED: June 10, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE