UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH,<br><br>Plaintiff,<br><br>v.<br><br>P. FAGGIANELLI, et al.,<br><br>Defendants. | No. 2:17-cv-1721 TLN AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The deadlines for serving written discovery requests on any party have long since passed,[1] and the court will now set a briefing schedule for discovery related motions.

By order filed April 13, 2023, briefing was stayed on plaintiff's motions to compel brought against defendants Boyd, Perera, Silva, and Sandy, and the deadlines for filing motions to compel against any defendant were vacated. ECF No. 114. The parties were ordered to meet to discuss plaintiff's discovery disputes with respect to the responses he had received—including those disputes outlined in the then-pending motions to compel—and attempt to resolve them without court intervention. Id. The deadline to complete meet and confer efforts to regarding any

---

[1] The deadline for serving written discovery as to defendants Austin, Boyd, Brida, Cruzen, Johnson, Just, Lemmons, Muhammad, Perera, Sandy, Shirley, Silva, Solorzano, and Thomas expired on December 9, 2022. ECF No. 83. The deadline for serving written discovery as to defendants Faggianelli, Farinas, and Schwimmer expired on April 21, 2023. ECF No. 109.

1

outstanding discovery disputes is July 17, 2023.  ECF No. 122.[2]

In the interests of efficiency, the undersigned has already denied without prejudice plaintiff's previously filed motions to compel, id., and now sets a schedule for the presentation and briefing of remaining discovery disputes.  Any discovery disputes not resolved in the meet and confer process must be presented by motion no later than August 17, 2023.  Responses to such motions will be due thirty days from service of the motion, and replies will be due twenty-one days from service of the response.  Plaintiff is reminded that he does not have to serve defendants' attorney with a paper copy of documents that he files with the court since counsel will receive a copy though the court's electronic filing system; defendants' response and reply deadlines will be based upon the date of electronic service.  See ECF No. 99 at 7 & n.4.  The parties may move for additional time to complete briefing if necessary.

With respect to any discovery disputes that plaintiff may seek to present, he is advised that **he must raise *all* his discovery disputes as to *all* defendants in a single motion to compel**.

Plaintiff is reminded that his previously filed motions to compel have been denied without prejudice (ECF No. 122), meaning that he will need to renew any disputes raised in those motions if he would like them to be considered by the court.  In doing so, plaintiff is not required to reproduce his prior motions and may instead incorporate them by reference.  In order to rely on his previously filed motions to compel, plaintiff must specifically identify each request for which he is renewing his motion (for example, Boyd Admissions Set One Nos. 1-3; Interrogatories Set One Nos. 1, 4-13; Production Set One Nos. 6-8).[3]  Furthermore, where plaintiff has made the same request to multiple defendants, he does not need to reproduce the request as to each defendant and should address any disputed responses in one section.  Where plaintiff's issues with defendants' responses are the same, such as where defendants have provided the same response as each other, plaintiff should address his disputes with those responses together.

---

[2] The parties are welcome and encouraged to continue attempting to resolve discovery disputes between themselves after July 17, 2023.  However, absent extraordinary circumstances, any such efforts will not be grounds for extending the time to file motions to compel.

[3] Plaintiff may also use abbreviations such RFA (request for admission), RFP (request for production), and NUI (non-uniform interrogatory).

For example, Set One Request for Admission 26 to Boyd, Set One Request for Admission 26 to Perera, Set One Request for Admission 1 to Silva, and Set One Request for Admission 1 to Sandy are identical.  ECF No. 106 at 68, 148; ECF No. 113 at 71, 145.  Boyd and Perera had the same response to the request, while Silva and Sandy both had different responses.  Id.  In the event plaintiff has an issue with each of these defendants' responses, he may address them in the following or similar format:

> Boyd Set One RFA 26, Perera Set One RFA 26, Silva Set One RFA 1, Sandy Set One RFA 1: Admit that you have a civil service identification number.[4]
>
> Response from Boyd and Perera: Explain why defendants' response is insufficient or objections are improper and what further response is sought.
>
> Response from Silva: Explain why defendant's response is insufficient or objections are improper and what further response is sought.
>
> Response from Sandy: Explain why defendant's response is insufficient or objections are improper and what further response is sought.

Plaintiff is reminded that in explaining his disputes he need only explain why he believes defendants' responses are deficient and what additional response he is seeking to compel.  It is not necessary to cite legal authority or make legal arguments.

Accordingly, IT IS HEREBY ORDERED that the parties shall have until August 17, 2023, to file any discovery motions related to any outstanding discovery disputes.  Responses to such motions will be due thirty days from service of the motion and replies will be due twenty-one days from service of the response.

DATED: June 14, 2023

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[4] Rather than reproducing the request and responses in the motion, plaintiff may instead attach the request and response as an exhibit, as he did with his previous motions to compel, so long as the requests and responses at issue are clearly identified.  Plaintiff is not required to resubmit copies of requests and responses that were attached to his previous motions to compel.