UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH., | No. 2:17-cv-1721 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| T. RALLOS, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, and has filed motions for an extension of time and to appoint counsel. ECF Nos. 161, 162.

I. Motion for Extension of Time

Plaintiff has filed a motion for an extension of time, up to March 13, 2024, to file a reply in support of his motions to compel discovery. ECF No. 161. Good cause appearing, the request for extension of time will be granted. However, plaintiff is cautioned that given the age of this case and the time that has already been devoted to his motions to compel, no additional extensions of time will be granted.

II. Motion to Appoint Counsel

Plaintiff has also requested the appointment of counsel for the limited purpose of re-opening discovery and conducting depositions. ECF No. 162. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in

1 § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain
2 exceptional circumstances, the district court may request the voluntary assistance of counsel
3 pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);
4 Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

5 "When determining whether 'exceptional circumstances' exist, a court must consider 'the
6 likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims
7 *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965,
8 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden
9 of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to
10 most prisoners, such as lack of legal education and limited law library access, do not establish
11 exceptional circumstances that would warrant a request for voluntary assistance of counsel.

12 Plaintiff requests appointment of counsel to assist in deposing the defendants.  ECF No.
13 162.  However, plaintiff's contention that he is unable to depose defendants due to his indigence
14 and pro se status is a circumstance common to most inmates and does not warrant the
15 appointment of counsel.  Moreover, because discovery in this case is closed, the motion is also
16 essentially a motion to re-open discovery and plaintiff has not demonstrated a need to re-open
17 discovery.

18 In considering whether to grant a motion to amend the scheduling order and re-open
19 discovery, the court is to consider:

> "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence."

24 City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting United
25 States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995)).  It is
26 "significant" when a party is seeking to re-open discovery rather than extend the discovery
27 deadline.  W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990).  "The
28 difference [between the two types of requests] is considerable" because "a request for an

extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." Id.

Although trial is not imminent and plaintiff has identified the reason for the belated request, it is not clear that re-opening discovery is necessary to address the issue or that it would lead to relevant evidence. Plaintiff's motion appears to be largely based on allegations that defendants have withheld information responsive to requests that have already been served or that a deposition will allow him to somehow obtain responses from them that contradict their responses to written discovery. ECF No. 162 at 6-37. With respect to instances where he believes defendants have withheld information responsive to his discovery requests, it is unclear why additional discovery is necessary to address the alleged deficiency of responses when plaintiff has already filed lengthy motions to compel. Nor does plaintiff's belief that he will get defendants to testify contrary to their written discovery responses demonstrate a likelihood of obtaining relevant evidence if discovery is re-opened. Finally, plaintiff has failed to establish grounds warranting appointment of counsel to conduct the depositions and, even if the court were to re-open discovery to allow plaintiff to take defendants' depositions, he has not shown that he would be able to afford the cost of depositions given his indigent status.

For these reasons, plaintiff's motion to appoint counsel and re-open discovery will be denied.

CONCLUSION

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 161) is granted.

2. Plaintiff shall have until March 13, 2024, to file a reply in support of his motion to compel. No further extensions of time will be granted.

3. Plaintiff's motion to appoint counsel and re-open discovery (ECF No. 162) is DENIED.

DATED: February 21, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE