UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE GEORGE HASH,

Plaintiff,

v.

FAGGIANELLI, et al.,

Defendants.

No.  2:17-cv-1721 TLN AC P

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I.    Background

After plaintiff filed motions to compel against four of the defendants in this case, each exceeding sixty pages, and expressed his intention to file similar motions against the remaining thirteen defendants, the court stayed briefing on the motions to compel and ordered the parties to meet and confer.  ECF No. 114.  After meeting and conferring, the parties participated in an informal discovery conference which resolved issues related to plaintiff's deposition; the court also denied the motions to compel without prejudice.  ECF No. 122.  The court then set a briefing schedule for outstanding discovery disputes.  ECF No. 123 at 2.

Defendants proceeded to file motions to withdraw or amend admissions and for extensions of time to respond to discovery requests (ECF Nos. 124, 125), which plaintiff opposed

1    (ECF No. 128, 129, 138).  Plaintiff then filed a motion to compel, filed in four parts (ECF Nos.

2    149, 151, 154, 156), which defendants oppose (ECF No. 160).  Plaintiff sought an extension of

3    time to file a reply in support of his motion to compel (ECF No. 161), which was granted (ECF

4    No. 163).  However, in granting the motion, plaintiff was cautioned that no additional extensions

5    would be granted considering the age of the case and the time that had already been devoted to

6    his motion to compel.  Id. at 1.  In granting the motion for extension, the court also denied

7    plaintiff's requests for appointment of counsel and to re-open discovery.  Id. at 2-3.  Plaintiff has

8    moved for reconsideration of the denial of his motions for counsel and the determination that no

9    further extensions of time would be granted.  ECF Nos. 164, 165.

10    II.    Defendants Faggianelli and Schwimmer's Motion to Withdraw or Amend Admissions
11           and for an Extension of Time to Respond

12    Defendants Faggianelli and Schwimmer seek to withdraw or amend deemed admissions

13    and request that they be given an extension of time to submit their responses.  ECF No. 124.

14    Plaintiff has requested leave to file an oversized brief opposing the motion and has submitted a

15    forty-one-page opposition, not including exhibits.  ECF Nos. 127, 129.  The motion to exceed the

16    twenty-page limit for oppositions will be granted.  Plaintiff has also filed a motion for leave to

17    file a sur-reply and requests sanctions (ECF No. 134), which will be denied.  Contrary to

18    plaintiff's assertion, the reply does not raise new arguments but properly addresses arguments

19    made in plaintiff's reply.  The court finds no grounds for a sur-reply or the issuance of sanctions.

20    Defendants assert that they did not receive plaintiff's requests for admission, dated March

21    8, 2023, until April 27, 2023, after counsel inquired about them based on a proof of service

22    included with plaintiff's discovery responses and plaintiff re-sent them.  ECF No. 124-1 at 1-2.

23    The parties met and conferred regarding the requests and initially came to an agreement as to a

24    response deadline of June 7, 2023, but plaintiff later retracted the agreement after he obtained

25    copies of the prison mail log showing he had mailed requests to the Attorney General's Office on

26    March 8, 2023.  Id. at 2, 4.  Responses were served on June 7, 2023.  Id.

27    Plaintiff argues that the admissions were properly served on March 8, 2023, and the

28    parties never reached a valid agreement because his agreement was conditional.  ECF No. 129 at

5-6, 9-10, 12-13.  He also argues that counsel failed to file a motion to withdraw and for extension until after the deadline and close of discovery, depriving the court of authority to grant the requested relief, and that he has been prejudiced because of passage of time, will be prejudiced because he intended to rely on deemed admissions for a motion for summary judgment, and defendants acted in bad faith.  Id. at 13-24, 30-34.  In his declaration, plaintiff states he believes counsel was too busy working on the response to his motion to compel to notice the requests and that when he finished the response realized that he only had seven days to respond to the requests, which was not enough time, so he decided to lie about not receiving the documents.  Id. at 43-45.

The court has considered both parties' arguments and evidence and finds that while it is clear that plaintiff mailed something to counsel on March 9, 2023,[1] defendants have submitted sufficient evidence to demonstrate that they did not receive the requests, and there is no evidence that defendants are being untruthful.  Plaintiff's allegations of bad faith are premised entirely on speculation, and the court will not impute bad faith to defendants or their counsel absent evidence of such bad faith.  Moreover, the court finds that plaintiff did initially agree to a June 7, 2023 response deadline, and defendants were entitled to rely on that agreement.  For these reasons, defendants' motion for an extension of time to respond to the requests for admission will be granted, nunc pro tunc, which is well within this court's authority.[2]  As a result, the responses will be deemed timely, and it is unnecessary for defendants to withdraw or amend their admissions.

III.    Defendant Perera's Motion for an Extension of Time to Respond to Requests for Production

Defendant Perera has filed a motion for an extension of time to respond to plaintiff's requests for production.  ECF No. 125.  Plaintiff has requested leave to file an extended

---

[1]  The requests were dated March 8, 2023, and the mail log shows they were sent out on March 9, 2023.

[2]  Plaintiff argues that the court has no authority because defendants did not request leave to file an untimely motion.  ECF No. 129 at 25.  However, the filing of said motion was discussed during the informal discovery conference held on June 14, 2023, and the subsequent order setting the briefing schedule for discovery motions contemplated such a motion even if it was not explicitly addressed in the order.  See ECF No. 123.

3

1   opposition to the motion and has submitted a nineteen-page opposition, not including exhibits.

2   ECF Nos. 137, 138.  The motion to exceed the twenty-page limit for oppositions will therefore be

3   denied as unnecessary.

4           Defendant requests an extension of time to respond to plaintiff's first set of production

5   request containing thirty-three requests.  ECF No. 125.  On November 30, 2022, defendant Perera

6   received plaintiff's interrogatories and requests for admissions, which indicated they were served

7   November 15, 2022.  They also received a request for production, marked as "Set One," that

8   contained four requests and indicated it was served on November 20, 2022.  Id. at 3.  Plaintiff

9   then served another request for production, dated November 23, 2022, that was marked "Set

10  Two."  Id.  In plaintiff's original motion to compel (ECF No. 106), he claimed to have sent a

11  different "Set One" request for production on November 15, 2022, that consisted of thirty-three

12  requests.  Id.  During a meet and confer session, plaintiff asked about the November 15, 2022

13  requests, at which point counsel advised that the set one he had received was different and had

14  already been responded to.  Id.  Counsel then offered to provide responses to the November 15,

15  2022 requests if plaintiff would agree to a reasonable amount of time for a response but plaintiff

16  refused.  Id.

17          Plaintiff argues that he did send the November 15, 2022 request for production and it is

18  therefore presumed that defendant received it, that defendant's motion is extremely untimely, that

19  he has been prejudiced by the delay, and that counsel has acted in bad faith.  ECF No. 138 at 1-3,

20  7-10, 14-15.  He also argues, once again, that the court has no power to grant defendant's motion

21  because it is untimely and does not establish excusable neglect.  Id. at 10-12.  Plaintiff concedes

22  that he received responses to the requests on August 9, 2023.  Id. at 6.

23          In their reply, defendants state that their records indicate that the discovery served on

24  November 15, 2022, contained two copies of interrogatories and one request for admission.  ECF

25  No. 140 at 1-2.

26          As with the requests for admissions addressed above, though the mail log demonstrates

27  that something was mailed, it does not include a description of the mailed documents.  While

28  plaintiff is quick to allege bad faith on defendant's part, he fails to even consider the possibility

4

1   that, given the extremely voluminous nature of his discovery requests, he inadvertently failed to

2   include the request for production containing thirty-three requests with the requests sent on

3   November 15, 2022.  Plaintiff also does not explain why, if he sent the request on November 15,

4   2022, he then sent another "Set One" request containing only four requests on November 20,

5   2022.  Based on the record before the court, defendant responded to the request that was received

6   and was not obligated to respond to the request for production dated November 15, 2022, because

7   it is not clear that it was timely or properly served.  That defendant did so anyway demonstrates

8   that there was no bad faith on defendant or counsel's part.  Because defendant was not obligated

9   to respond to the November 15, 2022 requests for production, the request for an extension of time

10  will be denied as unnecessary.[3]

11          IV.    Motions for Reconsideration

12          Plaintiff has moved for reconsideration of the court's order granting his request for a

13  forty-five-day extension of time to file a reply in support of his motion to compel, claiming that

14  he did not realize that the extra time would not start running from the issuance of the court's

15  order.  ECF Nos. 164, 165.  He also asserts that he suffers from various medical conditions and

16  had to work on an opposition to a motion to dismiss in another case.  Id.  However, plaintiff

17  raised these concerns in his motion for an extension of time, and his motion requested a specific

18  deadline, March 13, 2024.  ECF No. 161.  That request was granted.  Plaintiff has been cautioned

19  on more than one occasion, including during the informal discovery conferences, that given the

20  amount of time that has been devoted to his discovery disputes, extensions of time related to the

21  motions would be sparing and disfavored and that plaintiff might have to make difficult decisions

22  about his priorities.  See, e.g., ECF No. 123 at 2 n.2; ECF No. 130; ECF No. 147.  The court has

23  already been generous in granting extensions for plaintiff to file the motion itself, which was

24  comprehensively and extensively briefed.  ECF Nos. 149, 151, 154, 156.

---

26  [3]  The court finds plaintiff's argument that it is without power authority to grant defendant's
    motion to be without merit.  Although the court has determined that it is unnecessary to grant the
27  motion, it would be well-within its authority to do so, as the circumstances alleged are sufficient
    to establish excusable neglect.  See Fed. R. Civ. P. 6(b)(1)(B) (allowing an extension of time after
28  the fact based on a showing of excusable neglect).

Plaintiff also seeks reconsideration of the denial of his request for appointment of counsel for the limited purpose of re-opening discovery and conducting depositions.  ECF No. 164 at 5-6.  He argues that while the court is correct that he does not have money to pay for depositions, he should not be penalized because of his indigency.  Id.  The court already considered and addressed plaintiff's indigency in denying appointment of counsel, and the denial of counsel was not based on plaintiff's inability to afford to pay for depositions alone.  It was also based on his failure to demonstrate that re-opening discovery would lead to relevant evidence.  ECF No. 163 at 3.

Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."  L.R. 230(j)(3)-(4).  As set forth above, plaintiff's motions for reconsideration do not present any new or different facts or circumstances that would warrant a different outcome, and the motions will be denied.

V.     Motion to Compel

        A.     Standards Governing Discovery

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad.  Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  Id.  The court, however, must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).  The purpose of discovery is to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501

6

1    (1947).

2          Under Federal Rule of Civil Procedure 37, a motion to compel may be made if "a party

3    fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or

4    fails to respond that inspection will be permitted . . . as requested under Rule 34."  Fed. R. Civ. P.

5    37(a)(3)(B)(iii)-(iv).  The party seeking to compel discovery has the burden of showing that the

6    discovery sought is relevant or that its denial will cause substantial prejudice.  <u>Aros v. Fansler</u>,

7    548 F. App'x 500, 501 (9th Cir. 2013) (citing <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir.

8    2002)).  The opposing party is "required to carry a heavy burden of showing why discovery was

9    denied."  <u>Blankenship v. Hearst Corp.</u>, 519 F.2d 418, 429 (9th Cir. 1975).  Under Federal Rule of

10   Civil Procedure 36, a party may move for a determination as to the sufficiency of an answer or

11   objection to an admission.  Fed. R. Civ. P. 36(a)(6).

12         B.    <u>Plaintiff's Allegations</u>

13         The complaint alleges that at an Intra-Departmental Treatment Team (IDTT) meeting on

14   July 12, 2012, Faggianelli, Schwimmer, Silva, Austin, Brida, Shirley, and Thomas retaliated

15   against plaintiff by having him put in administrative segregation based on the false claim that he

16   was a threat to Faggianelli.  ECF No. 1 at 28.  Prior to the hearing, plaintiff had been asking

17   Faggianelli and Schwimmer, his mental health clinicians, for renewal of his single-cell chrono

18   based on his PTSD but they refused to discuss or accept health care requests on the issue and

19   became adversarial after learning plaintiff was pursuing legal action.  <u>Id.</u> at 29-30.  On the day of

20   the meeting, the IDTT did not discuss his mental health issues and only wanted to discuss his

21   legal actions.  <u>Id.</u> at 30-31.  Silva, a member of the committee, became angry when he saw his

22   name in one of plaintiff's grievances, said they needed to figure out what to do about plaintiff,

23   and suggested that if Faggianelli or Schwimmer claimed they felt threatened by plaintiff they

24   could have him transferred to a different prison.  <u>Id.</u> at 31.  Faggianelli, Schwimmer, and Silva

25   agreed to present the idea to Thomas, Brida, Austin, and Shirley, and if everyone agreed they

26   would send plaintiff to a different prison.  <u>Id.</u> at 31-32.  An hour and a half after the meeting

27   ended, plaintiff was brought to the program officer where Thomas and Brida told him they had

28   met with Shirley, Austin, Silva, Faggianelli, and Schwimmer and all agreed he had filed too many

complaints and grievances and needed to be re-housed in administrative segregation pending transfer to another prison. Id. at 32. When plaintiff complained, Thomas and Brida told him "See what happens when you try to 602 and sue everyone." Id. at 32-33.

While waiting to be moved to administrative segregation, plaintiff advised Johnson, Solorzano, Farinas, Brida, and Mohamed that he had diarrhea due having been given stool softeners and urgently needed to use the bathroom. Id. at 41-42. Each defendant, who was aware he was going to administrative segregation for filing grievances, ignored his request and made references to the grievances he had filed. Id. at 41-43. Solorzano and Farinas also told him they were going to throw his property in the trash and proceeded to do so. Id. at 44. When plaintiff told Brida they were retaliating by throwing away his property, Brida told him he could file a grievance because he was not going to interfere, and Mohamed, who was observing, said maybe plaintiff would think twice before filing grievances. Id. When plaintiff was given his meal, the food was too hard to swallow because he had recently had stomach surgery, and he began choking and vomiting and defecated on himself because he still had not been allowed to use the bathroom. Id. at 45. An inmate worker called "man down" and Johnson, Solorzano, Farinas, Brida, and Mohamed all asked if they should push their alarms for an emergency and began laughing and took no emergency measures while joking that this was all because of plaintiff filing grievances and telling staff he would sue them. Id. at 45-46. Plaintiff claims that Solorzano, Farinas, Brida, and Mohamed's disposal of his property interfered with his access to the courts because they disposed of documents that left him to be unable to properly oppose a motion for summary judgment in a then pending case and unable to initiate a separate lawsuit. Id. at 57-58.

When Just escorted plaintiff to his administrative segregation cell, the toilet had flooded the cell with feces, urine, and water, and the hot water button on the sink was stuck in the fully on position, causing the cell to be hot and humid. Id. at 68-69. Plaintiff's request to be put in a cell without plumbing problems was refused. Id. at 69. Plaintiff then asked Boyd, Lemons, and Cruzen to have maintenance fix the toilet and faucet, but after confirming the plumbing problems they failed to move him to another cell or do anything about the issues. Id. On July 14, 2012, plaintiff sent Perera a request telling him he had recently had surgery, was being refused a shower

8

or towel, and was unable to use the sink for a bird bath because it was stuck in the on position with scalding hot water, which filled his cell with steam and made it impossible to sleep at night. Id. at 70. He also notified Perera about the toilet and faucet being broken; that he was refused access to his medically prescribed orthopedic shoes, medical wedge pillow, and mattress; and that he needed eating utensils so that he did not have to eat with his fingers. Id. Plaintiff was forced to defecate into empty milk cartons and lunch bags, which could not be disposed of until breakfast or dinner. Id. at 70-71. On July 15, 2012, Boyd opened the plumbing chase on plaintiff's toilet and manually flushed the toilet, causing it to immediately overflow and flood plaintiff's cell with feces, urine, and sewage that covered the entire floor of the cell and then did nothing to fix the problem. Id. at 71. Plaintiff was eventually taken to speak with Sandy and Perera about his July 14, 2012 request and Sandy scolded him for submitting a request, called it a "snivel sheet," denied all of the issues raised, and threatened to have him thrown out of administrative segregation if he filed any more. Id. at 71-72. Perera then told plaintiff to stop complaining or there would be a problem. Id. at 72. Neither Sandy nor Perera took any action to fix the conditions in his cell. Id. at 74-75. After about four weeks plaintiff was finally given a plunger to fix his toilet himself after defendants began complaining about how badly his cell was making the tier smell. Id. at 72. At one point, plaintiff slipped and fell in the feces and sprained his wrist and severely bruised his hip, while the hot and humid conditions caused by the sink sometimes caused him to be unable to sleep for two to three days at a time. Id. at 73.

C.     Discussion

Plaintiff has challenged the responses to 962 requests for discovery. While plaintiff is entitled to challenge discovery responses that he believes are insufficient, considering both the massive scope of his objections and the overwhelming caseload under which this court labors, the court has neither the time nor resources to devote to an extended discussion of each challenged response. Instead, because there is significant overlap in the requests plaintiff made to defendants, the court will address the disputes that arise with the most frequency. All other responses, even if not explicitly addressed below, have been reviewed and deemed sufficient when considered as a whole with any additional response provided in defendants' opposition to

9

1    the motion to compel.

2        The court notes that many of plaintiff's objections to defendants' responses are based on

3    his belief that they are being untruthful, and he essentially seeks to have the court compel the

4    responses he believes should have been given based on what he believes the documentation

5    shows or based on his assertion that the allegations of his complaint compel a certain response.

6    Defendants are not required to adopt plaintiff's version of events as the truth, and the court cannot

7    compel a defendant to provide a specific response to a request for admission or interrogatory.  If

8    plaintiff believes a response is untruthful, he will be free to attempt to impeach the defendant with

9    any evidence he has to the contrary.  To the extent plaintiff argues that responses are insufficient

10   because defendants must produce documents to support responses to interrogatories or requests

11   for admission or provide narrative responses to requests for admission, he fails to raise a

12   legitimate challenge to the responses because he cannot attempt to expand the scope or type of

13   request by converting it to another type of request in his motion to compel.

14                    i.    Requests for Admission

15       The court has reviewed plaintiff's challenges to defendants' responses to his requests for

16   admission and finds the responses are sufficient.  Defendants have either admitted or denied the

17   requests or stated that they are unable to admit or deny after a reasonable inquiry.  The court also

18   finds that where defendants responded after narrowing the scope of the request, the narrowed

19   responses were appropriate in light of the overbroad nature of the requests.[4]  Similarly, for the

20   requests where defendants raised objections without providing a response, the objections were

21   appropriate, and no further response is required.[5]  Where defendants have admitted or denied a

22   request, the court cannot compel defendants to change their responses, as plaintiff has been

23   previously advised.  For those responses where defendants were unable to admit or deny the

24   request, the court finds they have identified their efforts to inquire into the matter and that their

25   ─────────────
     [4]  Some examples include limiting requests about being disciplined to being disciplined related to
26   misconduct toward inmates or plaintiffs and limiting requests about ability to perform job duties
     to dates covered by the complaint.  See, e.g., ECF No. 149 at 131, 234-35, 238-39, 247.
27   [5]  Some examples include objections of relevance related to the Safety Officers Procedural Bill of
     Rights Act or being sued for unrelated types of conduct (e.g., excessive force).  See, e.g., ECF
28   No. 149 at 151-52, 237, 248.

1  efforts were reasonable or the nature of the requests themselves left defendants unable to admit or

2  deny, such as requests related a third-party's intent.  That plaintiff believes they should have done

3  more or consulted specific persons or documents that he believes support the response he is

4  seeking does not render their inquiry unreasonable.

5          ii.    Interrogatories

6          The court has reviewed plaintiff's challenges to defendants' responses to his

7  interrogatories and finds the responses are sufficient.  This is particularly true for interrogatories

8  that exceeded the limit placed by the Federal Rules of Civil Procedure where a response was

9  nevertheless provided.  Plaintiff's assertions that defendants are being untruthful or evasive in

10 answering the interrogatories because they do not align with what he believes the documentation

11 proves does not render their responses inadequate, particularly when the interrogatory asked what

12 defendant "remembered."  The fact that a defendant reviewed documents does not mean that they

13 drew the same conclusions from those documents as plaintiff or that those documents refreshed

14 their recollection, and a response stating that they do not currently recall is both adequate and

15 appropriate where they do not in fact have any recollection of the events.  With respect to

16 plaintiff's interrogatories relating to whether defendants met minimum standards for peace

17 officers, were unable to perform their job functions or were reassigned to administrative duties,[6]

18 or met the requirements of the Safety Officers Procedural Bill of Rights Act, the court finds these

19 requests to be of little to no relevance to the issues before the court, and defendants are not

20 required to respond.

21          iii.    Requests for Production

22         The court has reviewed plaintiff's challenges to defendants' responses to his requests for

23 production and finds the responses are sufficient.  Where defendants have stated that responsive

24 documents no longer exist because they were disposed of in the normal course of business,

25 defendants cannot produce documents that do not exist and their responses that no responsive

26 documents exist are sufficiently supported and therefore appropriate.  See ECF No. 160 at 426-28

27 _____

28 [6] All defendants have denied that they were unable to perform their jobs or were reassigned to
   administrative duties at the times relevant to the complaint.

1  (declaration outlining efforts to locate documents).  The court also finds that defendants'

2  objections to requests for lists of witnesses and their contact information on the grounds that they

3  seek creation of a document not already in existence to be appropriate and those objections are

4  therefore sustained.  With respect to responses that state documents are attached where plaintiff

5  claims he did not receive the attachment, defendants have indicated in their opposition that

6  another copy of the documents was provided.  ECF No. 160 at 42-44, 46, 186, 248, 250, 261.

7      Plaintiff has also requested copies of any disciplinary actions against defendants.[7]  ECF

8  No. 149 at 186, 274, 378, 502, 671; ECF No. 151 at 112, 186, 275, 412, 567; ECF No. 154-1 at

9  438; ECF No. 156 at 110, 238, 304, 423, 431.  Defendants' objections to these requests and

10 limitation of their responses to disciplinary actions involving similar conduct or misconduct

11 against an inmate—or stating that they have not ever been disciplined—are appropriate, and no

12 further response is required.  Plaintiff has also requested copies of all grievances that allege

13 defendants have violated CDCR policies, procedures, and regulations.  ECF No. 149 at 188, 276,

14 380, 505, 673; ECF No. 151 at 116, 188, 277, 414, 567; ECF No. 154 at 158-59, 271; ECF No.

15 154-1 at 74, 438; ECF No. 156 at 110, 240, 304, 422, 430.  Defendants' objections on the

16 grounds that these requests are overbroad and overburdensome are well taken and these

17 objections are sustained.  <u>See</u> ECF No. 160 at 406-07 (declaration outlining burden of production

18 for non-medical appeals), 416 (declaration outlining burden for medical appeals).  Any relevance

19

20 [7]  In support of his motion to compel responses related to any complaints or grievances against
defendants, plaintiff relies on a discovery order issued by the undersigned in <u>Johnson v. Sandy</u>,
21 No. 2:12-cv-2922 JAM AC, 2014 WL 4631642, at *12, 2014 U.S. Dist. LEXIS 129810, at *7-8
(E.D. Cal. Sept. 15, 2014), wherein the defendants were ordered to produce documents related to
22 other allegations of excessive force against them.  Plaintiff argues that this case warrants
production of documents just as in <u>Johnson</u>.  ECF No. ECF No. 149 at 72, 83-84, 99-101, 417-18;
23 ECF No. 151 at 11-12, 14, 27-28, 53-54, 58, 72-74; ECF No. 154 at 20, 23, 45-46, 56-57, 61-63;
ECF No. 156 at 5, 12-13, 19, 47, 54, 62, 65.  However, <u>Johnson</u> dealt with a claim of excessive
24 use of force, and the defendants in that case were ultimately not required to produce additional
documents as there were no responsive documents for three of the defendants and the district
25 judge granted the defendants' motion for reconsideration with respect to the fourth defendant,
finding production was not required.  <u>Johnson v. Sandy</u>, No. 2:12-cv-2922 JAM AC, 2014 WL
26 7335228, 2014 U.S. Dist. LEXIS 178338 (E.D. Cal. Dec. 19, 2014).  Considering the lack of
similarity in the cases and the ultimate outcome of the discovery dispute, <u>Johnson</u> does not
27 persuade the court that production of documents—or further responses to similar interrogatories
or requests for admissions—is warranted in this case.
28

12

1    of such records is marginal and greatly outweighed by the burden of responding to the requests.

2    The court therefore finds defendants' responses to be sufficient.

3        The court notes that the parties have agreed to submit grievances that were classified as

4    staff complaints to the court for in camera review.  However, as the undersigned advised the

5    parties during an informal discovery conference, the court is not inclined to conduct such a

6    review.  Although in some instances such records are relevant and sufficiently proportional to the

7    needs of the case, the court does not find this to be such a case.  Based on defense counsel's

8    letters to plaintiff, defendants Muhammad, Lemmons, and Just each had a single staff complaint

9    submitted against them in the ten years preceding the events at issue in the complaint, none of

10   which were sustained, and none of which appear to relate to conduct similar to that alleged in this

11   case.  ECF No. 160 at 367.  During the same period, Solorzano had four staff complaints that

12   were not sustained, three of which appear to address conduct (property damaged in a cell search

13   and retaliatory cell searches) that is minimally similar to that alleged in the complaint.  Id. at 372.

14   Plaintiff's insistence that all complaints filed against defendants are relevant, regardless of their

15   subject matter, is unreasonable and incorrect.  Moreover, subject matter aside, such a sparse

16   number of complaints over a ten-year period does not demonstrate or support a finding that

17   defendants had a pattern or practice of the conduct at issue such that production should be

18   compelled.

19       Finally, the court finds that plaintiff's requests for defendants' oaths, documents showing

20   civil service numbers, documents showing they met minimum standards to be a peace officer,

21   deposition cover pages, cover pages of civil rights lawsuits were defendants were either a plaintiff

22   or defendant, employment agreements, training certificates and documents, job performance

23   evaluations, documents showing present job position and location, documents showing

24   defendants were unable to perform their job functions or were reassigned to administrative

25   duties,[8] and documents showing they met the requirements of the Safety Officers Procedural Bill

26   of Rights Act to be of little to no relevance to the issues before the court, and defendants are not

27   _____

28   [8]  All defendants have denied that they were unable to perform their jobs or were reassigned to
     administrative duties at the times relevant to the complaint.

13

1    required to produce them.

2             D.    Conclusion

3        For the reasons set forth above, plaintiff's motion to compel is denied and defendants are

4    not required to provide any further responses absent their continuing obligation to supplement

5    their responses should additional information or documents be discovered.

6                              CONCLUSION

7        Accordingly, IT IS HEREBY ORDERED that:

8        1.  Plaintiff's motion to file an oversized brief (ECF No. 127) is GRANTED.

9        2.  Plaintiff's motion to file an extended opposition (ECF No. 137) is DENIED as

10   unnecessary.

11       3.  Plaintiff's motion for leave to file a sur-reply and for sanctions (ECF No. 134) is

12   DENIED.

13       4.  Defendants Faggianelli and Schwimmer's motion to withdraw or amend admissions

14   and for an extension of time to respond to plaintiff's requests for admission (ECF No. 124) is

15   GRANTED in part and DENIED in part as follows:

16             a.    The request for an extension of time is GRANTED, nunc pro tunc, and

17                   defendants' responses are deemed timely; and

18             b.    The motion to withdraw or amend admissions is DENIED as moot.

19       5.  Defendant Perera's motion for an extension of time to respond to requests for

20   production (ECF No. 125) is DENIED as unnecessary.

21       6.  Plaintiff's motion to compel (ECF Nos. 149, 151, 154, 156) is DENIED.

22       7.  Plaintiff's motions for reconsideration and court assistance (ECF No. 164, 165) are

23   DENIED.

24       8.  Within forty-five days of the service of this order, the parties may file any dispositive

25   motions.

26   DATED:  March 31, 2025

27

28

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE